UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 10-54340 |
| AUGUSTUS GOODRICH SHERWIN and BEVERLY JEAN SHERWIN, | Chapter 7 |
| Debtors. _____/ | Judge Thomas J. Tucker |
| LINDA PIERSON, etc., *et al.*, | |
| Plaintiffs, | |
| v. | Adv. Pro. No. 10-6481 |
| AUGUSTUS GOODRICH SHERWIN, | |
| Defendant. _____/ | |

**OPINION REGARDING DEFENDANT'S
MOTION TO DISMISS ADVERSARY PROCEEDING**

On August 20, 2010, Plaintiffs filed a two-count adversary complaint against Defendant, seeking a determination that a debt Defendant allegedly owes to them is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) (Count I), and 523(a)(4) (Count II). This adversary proceeding is before the Court on Defendant's motion entitled "Motion to Dismiss Complaint and Assess Costs and Attorney Fees."[1]

Defendant's Motion seeks (1) dismissal of the complaint, because it was filed after the applicable deadline to file such a complaint; and (2) an order requiring Plaintiffs to pay Defendant attorney fees and expenses of $800.00 that he claims to have incurred in bringing the Motion. Plaintiff Linda Pierson filed a response to the Motion, admitting that Plaintiffs filed the complaint

---

[1] Docket # 4 (the "Motion").

after the applicable deadline. But Plaintiff alleges, as a reason for the late filing, that she "mistakenly believed that the deadline for objection to discharge [in this case] was the same" date as the deadline to file objections to discharge in another case filed by Defendant's business partner.[2]

The Court concludes that a hearing on the Motion is not necessary. The Court will dismiss this adversary proceeding because it was not timely filed, but will deny Defendant's request for attorney fees and expenses.

**I. Facts**

The facts relevant to the Motion are not in dispute. On April 30, 2010, Debtors Augustus Goodrich Sherwin and Beverly Jean Sherwin filed a joint voluntary petition for relief under Chapter 7. Plaintiff Linda Pierson was listed as a creditor on the creditor mailing matrix. On May 2, 2010, Plaintiff Linda Pierson was served by mail, by the Bankruptcy Noticing Center, with a notice stating, among other things, that August 16, 2010 was the deadline to file a complaint objecting to the Debtor's discharge or a complaint to determine that a debt "is not dischargeable under Bankruptcy Code §§ 523(a)(2), (4), or (6)."[3]

On May 14, 2010, Debtors filed their Schedules A through J. Debtors listed Plaintiff Linda Pierson's claim on Schedule F as follows: "Linda Pierson c/o Davison Legal Associates, P.C., 327 N. Main, Davison, MI 48423 Lawsuit filed against debtor for at least 25000.00 - 7th Circuit Court

---

[2] Docket # 11 at 1-2 ¶ 5.

[3] *See* Case No. 10-54340, Docket ## 5 (at 1 and 2) and 6 (at 3).

# 09-90952-CZ."[4]

Because no adversary proceeding objecting to the Debtors' discharge under 11 U.S.C. § 727 was filed by the August 16, 2010 deadline, the Court granted the Debtors a discharge, on August 18, 2010.

On August 20, 2010, four days after the expiration of the deadline to file a complaint to determine nondischargeability of debts under §§ 523(a)(2), (a)(4), and (a)(6), "Plaintiff, Linda Pierson, individually and on behalf of Integrated Security Alliance Inc." filed the adversary complaint in this case. The complaint seeks a determination that the debt Defendant-Debtor Augustus Goodrich Sherwin allegedly owes is nondischargeable under §§ 523(a)(2)(A) and 523(a)(4). Defendant filed his Motion to dismiss the adversary proceeding on September 19, 2010.

Plaintiff Linda Pierson's response to Defendant's untimeliness argument is two-fold. First, she asserts that Plaintiffs' adversary complaint was filed late because she was mistaken in her belief about what the filing deadline was. Second, she states that "[D]ebtors failed to list an interest in . . . Integrated Security Alliance Inc and/or Advanced Security in which the [D]ebtor Augustus Sherwin has a shareholder's interest," and "under 11 U.S.C. § 727(d)(2) a discharge may be revoked if the debtor acquired property that is property of the estate and knowingly and fraudulently failed to report the acquisition of or entitlement to such property."[5]

---

[4] Although Plaintiff Integrated Security Alliance Inc. was not listed on the creditor matrix or as a creditor in the Debtors' Schedule F, Plaintiffs have not argued, nor can they credibly argue, that notice to Plaintiff Linda Pierson of Debtors' bankruptcy case was not also notice to Plaintiff Integrated Security Alliance Inc. According to the complaint, Plaintiff Linda Pierson caused the incorporation of, and fully funded, Plaintiff Integrated Security Alliance Inc. (Compl. at 2 ¶¶ 7-8.) Plaintiffs are represented by counsel in this adversary proceeding, but Plaintiff Linda Pierson filed the complaint against Defendant both individually and "on behalf of" Integrated Services Alliance Inc. In any event, only Plaintiff Linda Pierson filed a response to the Motion.

[5] Response (Docket # 11) at 1-2 ¶¶ 5-6.

## II. Jurisdiction

This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334(b), 157(a) and 157 (b)(1), and Local Rule 83.50(a) (E.D. Mich.). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), as to both counts of Plaintiffs' complaint.

## III. Discussion

Section 523(c)(1) of the Bankruptcy Code provides:

> Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

11 U.S.C. § 523(c)(1). Count I of Plaintiffs' two-count complaint alleges that Defendant's debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A) for fraud.[6] Count II of Plaintiffs' complaint alleges that Defendant's debt is nondischargeable under 11 U.S.C. § 523(a)(4) for breach of fiduciary duty and conversion.[7] Therefore, § 523(c)(1) applies to both claims in Plaintiffs' complaint.

As a result, Plaintiffs' § 523(a) claims were subject to the filing deadline established by Fed.R.Bank.P. 4007(c), which provides that in a Chapter 7 case, "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." In this case, that means that the filing deadline was August 16, 2010, as stated in the notice that was mailed to Plaintiff on May 2, 2010. Plaintiffs'

---

[6] *See* Compl. ¶¶ 19-26.

[7] *See* Compl. ¶¶ 27-37.

complaint, filed four days after the deadline on August 20, 2010, was clearly untimely.

Plaintiff Linda Pierson's assertion that she mistakenly believed that the deadline was later than it was, without more, is insufficient to save the complaint from dismissal. She does not allege that her mistaken belief was due to anything that the Defendant, or the Court, did or did not do. And Plaintiff does not dispute that she received the Clerk's notice, mailed to her on May 2, 2010, that informed her that the deadline was August 16, 2010.

As another judge of this Court noted in a recent decision, "[t]he Sixth Circuit has held that Rule 4007 is a 'deadline,' rather than a jurisdictional requirement. [citing *Nardei v. Maughan* (*In re Maughan*), 340 F.3d 337, 344 (6th Cir. 2003)]. Thus, Rule 4007 is subject to the defenses of waiver, equitable tolling, and estoppel." *Five Star Laser, Inc. v. Height (In re Height)*, Case No. 10-6125 (Bankr. E.D. Mich. October 26, 2010)(unpublished) at 5.[8] But Plaintiff does not argue that her late filing of the complaint in this case can or should be excused based on any of these doctrines. Nor does Plaintiff allege any facts that even arguably could establish a waiver, equitable tolling, or estoppel that would save her untimely complaint. *See generally id.* at 5-7.

In the absence of such waiver, equitable tolling, or estoppel, and in the absence of a notice problem, the Court cannot extend the deadline for a party to file a complaint under § 523(c) unless that party filed a request to extend the deadline *before* the deadline expired. Fed.R.Bankr.P. 4007(c) provides, in relevant part, that "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." Fed.R.Bankr.P. 9006(b)(3), provides, in relevant part, that "[t]he

---

[8] A copy of this unpublished decision is available on this Court's website, at: http://www.mieb.uscourts.gov/courtOpinions/opinions/10-46169.pdf.

court may enlarge the time for taking action under Rule[] . . . 4007(c) . . .only to the extent and under the conditions stated in" Rule 4007(c).

Plaintiffs did not file any motion or stipulation to extend the deadline to file a complaint under § 523(c) before the August 16, 2010 deadline expired (or ever, for that matter). Therefore, the Court may not now extend that deadline, after the fact.

Plaintiff's second argument in response to the Motion is that grounds exist for revoking the Debtors' discharge, under 11 U.S.C. § 727(d)(2). Even if true, this is irrelevant. The complaint does not contain any count seeking to revoke the Debtors' discharge. Nor does the complaint contain any allegations that would permit the revocation of Defendant's discharge under § 727(d). Plaintiffs' complaint contains only the § 523(a) non-dischargeability claims.[9]

## IV. Conclusion

For the reasons stated above, the Court will enter an order granting the Motion and dismissing this adversary proceeding. The dismissal will be without prejudice to the Plaintiffs' right to timely file a new adversary proceeding seeking to revoke Debtors' discharge under 11 U.S.C. § 727(d). The Court will deny the Motion to the extent it seeks $800.00 in attorney fees and expenses from Plaintiffs, because the Motion does not provide any support, or any authority, for granting such relief in this context.

**Signed on November 1, 2010**　　　　　　　　　　　**/s/ Thomas J. Tucker**
　　　　　　　　　　　　　　　　　　　　　　　　　**Thomas J. Tucker**
　　　　　　　　　　　　　　　　　　　　　　　　　**United States Bankruptcy Judge**

**Not for publication**

---

[9] The Court notes that the deadline for filing an adversary proceeding to revoke the Debtors' discharge under § 727(d)(2) has not yet passed, so Plaintiff is not yet time-barred from filing such an adversary proceeding. *See* 11 U.S.C. § 727(e)(2).